# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Amy Noon )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>AvanteUSA, Ltd. )<br>    *Defendant* )<br>Serve: )<br>    Mike Moore )<br>    2950 S. Gessner Road, Suite 265 )<br>    Houston, TX 77063 )<br>)<br>Link Revenue Resources, LLC )<br>    *Defendant* )<br>Serve: )<br>    The Corporation Trust Company )<br>    Corporation Trust Center )<br>    1209 Orange Street )<br>    Wilmington, DE 19801 )<br>) | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

1.  This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2.  Defendants AvanteUSA, Ltd. ("AvanteUSA") and Link Revenue Resources, LLC ("Link") violated the FDCPA by trying to offering to settle a time-barred debt without informing Plaintiff Amy Noon that the debt was time barred and that paying installment payments on the debt could result in restarting the applicable statute of limitations.

3.  These and other acts by Defendants violate the FDCPA.

## JURISDICTION

4. This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k and 28 U.S.C. § 1367.

## PARTIES

5. Plaintiff Amy Noon, formerly known as Amy Blanton, is a natural person who resides in Woodford County, Ky. Ms. Noon is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant AvanteUSA, Ltd. ("AvanteUSA") is a Texas corporation which has not registered with the Kentucky Secretary of State, and the principal purpose of whose business is the collection of defaulted debts, operating a debt collection agency with its principal place of business located at 3600 S. Gessner Road, Suite 225, Houston, TX 77063.

7. AvanteUSA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

8. Defendant Link Revenue Resources, LLC ("Link") is a Delaware corporation which has not registered with the Kentucky Secretary of State, and the principal purpose of whose business is the purchase and collection of defaulted debts, operating a debt collection agency with its principal place of business located at 4891 Ronson Court, Suite E, San Diego, CA 92111.

9. Link regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## BACKGROUND

10. AvanteUSA sent Ms. Noon (formerly known as Amy Blanton) a dunning letter dated February 7, 2017 in an attempt to collect an alleged debt from her originated by St. Joseph East (the "Dunning Letter"). A copy of the Dunning Letter is attached hereto as Exhibit "A."

11. AvanteUSA sent Ms. Noon the Dunning Letter in an attempt to collect the St. Joseph East debt.

12. Upon information and belief, the St. Joseph East debt, if it existed, was a medical debt incurred solely for personal, family, and/or household purposes, which makes the St. Joseph East debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

13. The Dunning Letter identifies Link as the "Master Servicer" of the St. Joseph East debt.

14. Upon information and belief, Link has either received the St. Joseph East debt by assignment from St. Joseph East subsequent to its going into default, or St. Joseph East has placed the debt with Link for collection.

15. According to the Dunning Letter, the medical services at the basis of the alleged St. Joseph East debt were rendered on March 12, 2008.

16. Upon information and belief, the St. Joseph East debt would have become in default no later than September 12, 2008.

17. So the statute of limitations on collection of the St. Joseph East debt began to run in September 2008.

18. Upon information and belief, the St. Joseph East debt, if it existed, was based on a contract not in writing, making the applicable statute of limitations for an action to recover the St. Joseph East debt five (5) years. KRS 413.120(1).

19. So St. Joseph East's and/or Link's cause of action against Ms. Noon was barred by the applicable statute of limitations under Kentucky law from September 12, 2013 forward.

20. The Dunning Letter, sent three years and five months after the applicable statute of limitations for the St. Joseph East debt had lapsed, did not inform Ms. Noon that the St. Joseph East debt was time barred.

21. The Dunning Letter does not inform Ms. Noon that neither St. Joseph East, nor Link, nor AvanteUSA will sue her to collect the St. Joseph East debt.

22. The Dunning Letter included an offer to settle the St. Joseph East debt for a lump-sum payment of $296.43.

23. The Dunning Letter further provided that Ms. Noon could settle the St. Joseph East debt by making "[t]wo payments of $160.57. First payment must be received in this office by Thursday, February 23, 2017."

24. The Dunning Letter does not inform Ms. Noon that she could re-start the statute of limitations running on the St. Joseph East debt by starting to make payments to pay off the debt.

25. After receiving the Dunning Letter, Ms. Noon contacted counsel and consulted with counsel to determine her best course of action and the effect of paying the settlement offer contained in the Dunning Letter would have on her credit report and credit score.

26. AvanteUSA and Link violated the FDCPA by offering to settle the St. Joseph East debt without informing her that the debt was time barred, that neither AvanteUSA nor St. Joseph East nor Link would bring suit against her to collect the debt, and that by making payments on the debt who could unwittingly restart the statute of limitations running on the St. Joseph East debt.

**Claims for Relief: Violations of the Fair Debt Collection Practices Act**

27.     The foregoing acts and omissions by AvanteUSA and Link constitute violations of the FDCPA including but not limited to violations of 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f and one or more subsections of each statute.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Amy Noon requests that the Court grant her the following relief:

1.      Award Plaintiff actual damages;

2.      Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k from each Defendant;

3.      Award Plaintiff reasonable attorney's fees and costs;

4.      A trial by jury; and

5.      Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com